IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHARON TEAGUE                                                                   PLAINTIFF

v.                              CIVIL NO. 09-2058

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                  DEFENDANT

## REPORT AND RECOMMENDATION

Plaintiff, Sharon Teague, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits (DIB). (Doc. # 1). Defendant filed an answer to Plaintiff's action on July 31, 2009, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. # 8).

On November 13, 2009, the Commissioner, having changed positions, filed a motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. # 13). The Commissioner seeks remand to allow the ALJ to: (1) evaluate the opinion evidence from Robert Bishop, M.D.; (2) re-evaluate Plaintiff's allegations of gastrointestinal problems; (3) re-evaluate Plaintiff's ability to perform her past relevant work as a Wal-Mart greeter; (4) re-evaluate Plaintiff's maximum residual functional capacity (RFC); and (5) obtain supplemental evidence from a vocational expert (VE) as to whether Plaintiff is able to perform her past relevant work, or, if not, if she could perform other jobs existing in significant numbers in the national economy.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A

remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

      Here, we find remand to allow the ALJ to further evaluate the evidence as addressed above, appropriate. Therefore, it is recommended that the Commissioner's motion to remand be granted and the case be remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

      DATED this 16th day of November 2009.

                                          */s/ J. Marschewski*
                                        HON. JAMES R. MARSCHEWSKI
                                        UNITED STATES MAGISTRATE JUDGE